# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2913 |

## TRANSFER ORDER

**Before the Panel**: Plaintiffs in actions pending in the Northern District of Georgia (*Patel*) and the District of South Carolina (*Cunningham*) separately move under Panel Rule 7.1 to vacate our orders conditionally transferring their respective actions to the Northern District of California for inclusion in MDL No. 2913.  The actions are listed on the attached Schedule A.  Defendant JUUL Labs, Inc. (JLI) opposes both motions.

After considering the argument of counsel, we find that the *Patel* and *Cunningham* actions involve common questions of fact with actions transferred to MDL No. 2913, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  The actions in the MDL share factual questions arising from allegations that "JLI has marketed its JUUL nicotine delivery products in a manner designed to attract minors, that JLI's marketing misrepresents or omits that JUUL products are more potent and addictive than cigarettes, that JUUL products are defective and unreasonably dangerous due to their attractiveness to minors, and that JLI promotes nicotine addiction."  *See In re Juul Labs, Inc., Mktg., Sales Practices & Prods. Liab. Litig.*, 396 F. Supp. 3d 1366, 1367 (J.P.M.L. 2019).  The *Patel* and *Cunningham* plaintiffs do not dispute that their actions implicate those same questions.

In opposition to transfer, plaintiffs argue that vacatur is warranted because federal subject matter jurisdiction over their actions is lacking, and they have motions for remand to state court pending before the respective transferor courts.  The Panel consistently has held, however, that the pendency of jurisdictional objections does not pose an impediment to Section 1407 transfer.  *E.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (noting that "remand motions can be presented to and decided by the transferee judge," and that transferor courts wishing to rule on such motions generally "have adequate time to do so").

- 2 -

IT IS THEREFORE ORDERED that the *Patel* and *Cunningham* actions are transferred to the Northern District of California, and, with the consent of that court, assigned to the Honorable William H. Orrick III for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

by: _____
Deputy Clerk
Date: 9/30/2020

**IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**     MDL No. 2913

## SCHEDULE A

<u>Northern District of Georgia</u>

PATEL, ET AL. v. JUUL LABS, INC., ET AL., C.A. No. 1:20-02222

<u>District of South Carolina</u>

CUNNINGHAM v. JUUL LABS, INC., ET AL., C.A. No. 2:20-02056